IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAPTAIN SEAN MILLER (RET.) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GE HEALTHCARE INC.; GENERAL ) <br> ELECTRIC COMPANY; GUERBET LLC; ) <br> LIEBEL-FLARSHEIM COMPANY LLC; ) <br> MALLINCKRODT INC.; ) <br> MALLINCKRODT LLC; McKESSON ) <br> CORPORATION; and McKESSON ) <br> MEDICAL-SURGICAL, INC., ) <br> ) <br> Defendants. ) | Case No. CIV-19-00196-PRW |

## SHOW CAUSE ORDER

Plaintiff Capt. Sean Miller (retired), a resident of Kettering, Ohio, filed his Complaint (Dkt. 1) against Defendants GE Healthcare Inc., GE Healthcare AS, General Electric Company, Guerbet LLC, Liebel-Flarsheim Company LLC, Mallinckrodt Inc., Mallinckrodt LLC, Enterprise Holdings Inc. d/b/a Mallinckrodt Pharmaceuticals, Mallinckrodt Manufacturing LLC, McKesson Corporation, McKesson Medical-Surgical Inc., Merry X-Ray Chemical Corporation and John Does 1–50 in the Northern District of California on October 30, 2017. Therein, Plaintiff alleges that he contracted Gadolinium Deposition Disease after being injected with a gadolinium-based contrast agent during one or multiple magnetic resonance imaging (MRI) and magnetic resonance angiography

(MRA) scans;[1] he asserts product liability claims of strict liability, negligence, and fraud against the Defendants for their alleged roles in manufacturing, distributing, marketing, and/or selling the gadolinium-based contrast agent in California and "other places."[2]

Electronic summonses were issued the next day as to the 12 named Defendants.[3] On January 24, 2018, the Plaintiff filed proof of service as to all 12 named Defendants, asserting that they had all been served between December 13 and 18, 2017.[4] More particularly, Plaintiff's proof of service upon Defendants McKesson Corporation and McKesson Medical-Surgical Inc. (collectively "the McKesson Defendants") revealed service was effected upon their registered agent in California at 10:19 a.m. on December 13, 2017, presumably by hand-delivery (as evidenced by the statement of a specific time). On December 18, 2017, the Court entered an Order (Dkt. 13) "vacat[ing] all pending deadlines and hearings for all the related cases"—apparently referencing 12 other related cases[5]—and setting a case management conference for March 1, 2018. It is unclear whether that order was intended to strike the Defendants' respective deadlines for filing responsive pleadings, but a review of the case docket indicates that no Defendant filed a responsive pleading while the case remained in California. At the Case Management Conference held March 1, 2018, Plaintiff's counsel proposed that all related actions should be transferred to the district in which the respective plaintiffs reside and/or where the Plaintiff was allegedly

---

[1] Pl.'s Compl. (Dkt. 1) ¶¶ 40–47, at 9–10.

[2] *Id.* ¶¶ 80–111, at 17–21.

[3] Summonses in a Civil Case (Dkt. 5) at 1–4.

[4] Proofs of Serv. (Dkts. 21 to 21-11).

[5] *See* Related Case Order (Dkt. 12) at 1.

administered the product at issue.[6] By stipulation of the parties, the Court then transferred this case to the U.S. District Court for the Southern District of Ohio.[7]

After transfer to Ohio, Defendants GE Healthcare Inc., General Electric Company, Guerbet LLC, Liebel-Flarsheim Company LLC, Mallinckrodt Inc., and Mallinckrodt LLC filed Rule 12(b)(6) motions to dismiss.[8] The initial motions to dismiss were eventually rendered moot when Plaintiff filed an Amended Complaint (Dkt. 58) on January 18, 2019. Besides dropping Defendants GE Healthcare AS, Enterprise Holdings Inc. d/b/a Mallinckrodt Pharmaceuticals, Mallinckrodt Manufacturing LLC, and Merry X-Ray Chemical Corporation from the lawsuit, the Amended Complaint (Dkt. 58) also alleged for the first time that Plaintiff's exposure to the product at issue occurred in Oklahoma.[9] According to the certificate of service attached to the Amended Complaint (Dkt. 58), the Amended Complaint (Dkt. 58) "w[as] sent to all parties by operation of the Court's CM/ECF." Although that certification might be true for the Defendants who had appeared in the case, it would not be accurate with respect to the Defendants who had not appeared in the case, like the McKesson Defendants. There is nothing in the record to indicate whether service of the Amended Complaint (Dkt. 58) was ever obtained on the McKesson Defendants.

---

[6] Order of Transfer (Dkt. 27), at 1.

[7] *Id.*

[8] GE Defs.' Mot. to Dismiss (Dkt. 36) at 1–2; Defs. Guerbet & Liebel-Flarsheim's Joinder to Mot. to Dismiss (Dkt. 42), at 1; Mallinckrodt Defs.' Joinder to Mot. to Dismiss (Dkt. 47) at 1.

[9] See Pl.'s Am. Compl. (Dkt. 58) ¶¶ 12–13, at 3. It is this allegation that led to the case being transferred here.

3

To the extent the Amended Complaint (Dkt. 58) may assert new or different claims against the McKesson Defendants, Rule 5 of the Federal Rules of Civil Procedure would require it to be served upon them pursuant to Rule 4 as original process.[10] Pursuant to Rule 4(m), the Plaintiff would be afforded 90 days in which to serve the McKesson Defendants, or else the Court—"on its own after notice to the plaintiff—must dismiss the action without prejudice against th[ose] defendant[s] or order that service be made within a specified time." Notice to the Plaintiff is required to afford the Plaintiff an opportunity to "show good cause for the failure," in which case "the court must extend the time for service for an appropriate period." Plaintiff's 90-day deadline to serve the Amended Complaint (Dkt. 58) would have expired April 18, 2019.

Pursuant to Rule 4(m), the Plaintiff is directed to **SHOW CAUSE**, within **14 days** of the date of this order, whether service of the Amended Complaint (Dkt. 58) has been effected upon the McKesson Defendants, and if not, why service has not been made. In the absence of such a showing, the McKesson Defendants may be dismissed from the case without prejudice to refiling.

---

[10] Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 593 (5th Cir. 2014) ("Rule 5(a)(2) does not require a party in default be served with a pleading unless that pleading that asserts a *new claim* for relief."); Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1130 n.5 (9th Cir. 2010) (Even parties who fail to appear must be served with pleadings with new claims . . . .").

**IT IS SO ORDERED this 11th day of June, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE